**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARREN LAMONT KEYS,

    Petitioner,

vs.

                                      Case No.    3:01-cr-239-J-32HTS
                                                                 3:06-cv-81-J-32HTS

UNITED STATES OF AMERICA,

    Respondent.

_____

**ORDER**

This case is before the Court on petitioner Darren Lamont Keys' Motion for Return of Property. (Doc. 512). The government filed an opposition. (Doc. 516). Petitioner's motion avers that certain property the government seized from him that was not part of the parties' forfeiture agreement should be returned pursuant to Fed. R. Crim. P. 41(g). The items (which are set forth in petitioner's memorandum supporting the motion) are: photographs, organizer (black leather), spiral notebook with personal religious contacts, Clarion manuel (Car Radio), Internet Atlas, platinum chain (held at field office), DVD (Movies), Rolex watches (his and hers) and all other property inventoried that is not part of the forfeiture case. (Doc. 513). The government asserts that the secret service "has specifically indicated that it did not seize a black leather organizer, Clarion manuel, platinum chain or his and hers Rolex watches." The government also avers that while the secret service seized

photographs of the defendant and potential witnesses (which were in vehicles obtained via forfeiture), a spiral notebook containing names and personal identifiers of the victims, a DVD titled "Entrapment" and an Internet Atlas, it destroyed these items on February 18, 2003.

Rule 41(g) provides, in pertinent part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district court where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A Rule 41(g) motion is an equitable claim; thus, a court sits in equity and must fashion an appropriate equitable remedy. United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005) (citations omitted). When a Rule 41(g) motion is filed after criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001). Where, as here, the government alleges that the property sought by a petitioner has been destroyed, it must present supporting evidence via sworn pleadings and/or supporting affidavits; it is insufficient to simply state that the property has been destroyed. Id.

In this case, the government merely states in its response that "[t]hese items

were destroyed locally on February 18, 2003 by the U.S. Secret Service." The response was not verified nor were any supporting affidavits submitted. The Potes Ramirez decision clearly requires that the government submit evidence of the property's destruction to satisfy its burden. See id. Thus, the government must submit evidence via sworn affidavits (along with any other pertinent evidence) showing: (1) precisely what property seized that it destroyed; (2) when the government destroyed the property; and (3) why the government destroyed the property. The government must also file copies of the Form 1544 inventory sheets reflecting what items belonging to petitioner that it seized. The government's supplemental response containing this evidence is due by no later than **Monday, January 22, 2007**. Petitioner is provided the option of filing a reply. Any such reply is due by no later than **Tuesday, February 20, 2007**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of December, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies: counsel of record, pro se party